IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID CONRAD | Case No. 05-CR-931-1<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Defendant David Conrad seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), citing the COVID-19 pandemic, his health risk, his conditions of confinement, and his mother's health. Dkt. 412. The government filed a response in opposition to Conrad's *pro se* motion. Dkt. 415. The Court also considers letters from Conrad's mother and his aunt and uncle. (Dkts. 421, 422). For the following reasons, Conrad's motion [412] is denied.

**A. Background Facts**[1]

In 2002, following an online investigation, law enforcement officers uncovered several files of child pornography on Conrad's computers. Dkt. 329 at 3. On February 5, 2010, a jury convicted Conrad on eight counts of possessing, transporting, advertising, and distributing child pornography in violation of 18 U.S.C. §§ 2251(c)(1)(A), 2251(d), 2252A(a)(1), 2252A(a)(2)(A), 2252A(a)(5)(B), 2252A(b)(1), and

---

[1] The Court provides a brief summary of the background facts here, however, a more fulsome summary of the background can be found in the court's opinion denying Conrad's motion pursuant to 28 U.S.C. § 2255. *United States v. Conrad,* 2014 WL 4783049 (N.D. Ill. Sept. 24, 2014), aff'd, 815 F.3d 324 (7th Cir. 2016), as amended (May 24, 2016).

2252A(b)(2). *Id.* at 1. Conrad was sentenced to 198 months' imprisonment, below the recommended guideline range of 360 months to life. Dkt. 335. He appealed the conviction and sentence. Dkt. 336. On March 14, 2012, the Seventh Circuit affirmed the judgment on both the conviction and sentence. *United States v. Conrad*, 673 F.3d 728 (7th Cir. 2012). On June 10, 2014, Conrad filed a § 2255 motion to vacate, set aside, or correct his sentence challenging an underlying search and his sentence. Dkt. 409. The court denied Conrad's motion at *Conrad v. United States,* 14-cv-4343, on September 24, 2014. Dkt. 14. The Seventh Circuit affirmed the denial of habeas relief, again approving of the sentence. *Conrad v. United States,* 815 F.3d 324 (7th Cir. 2016), as amended (May 24, 2016).

Conrad is currently serving his 198-month sentence at FCI Fairton, a medium security facility, in Fairton, New Jersey. According to the Bureau of Prisons (BOP) website, his anticipated release date is October 22, 2025.[2]

## B. Analysis

Under 18 U.S.C. § 3582(c)(1)(A), this Court may grant a defendant's motion to reduce his term of imprisonment after the defendant "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Conrad has exhausted here. *See* Dkt. 415 at 8.

---

[2] *See* https://www.bop.gov/inmateloc/index.jsp (last visited April 6, 2021).

Once the exhaustion requirement is met, the Court may reduce the defendant's term of imprisonment if the Court finds, as relevant here, that 1) "extraordinary and compelling" reasons warrant a sentence reduction; 2) the reduction is consistent with the factors in 18 U.S.C. § 3553(a); and 3) the reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i) & (ii). Conrad bears the burden to establish that he is eligible for such a sentence reduction.

*1. Extraordinary and Compelling Reasons*

The U.S. Sentencing Guidelines Manual outlines what constitutes extraordinary and compelling reasons, including medical condition, age, and family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(A)–(C). The policy statement "also includes a catch-all provision" providing for a reason "other than, or in combination with" the aforementioned reasons. *Id.* cmt.n.1(D). *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. Cardena*, 461 F. Supp. 3d 798, 802 (N.D. Ill. 2020). The policy statement was last amended November 1, 2018, before the COVID-19 pandemic.[3] As such, this Court considers § 1B1.13 in conjunction with circumstances created or amplified by the pandemic. These circumstances may include: whether the defendant's health condition "places him at significant risk of complications should he contract the virus;" if there is a "serious [COVID-19] outbreak of infections" at the defendant's prison; and if the "institution is unable to

---

[3] A "vast majority" of district courts find that U.S.S.G. § 1B1.13, which was last amended before the Fair Sentencing Act's passage, is "not binding but is, rather, helpful guidance." *Cardena*, 461 F. Supp. 3d at 802 (citation omitted).

3

successfully contain the outbreak." *United States v. Downing*, 2020 U.S. Dist. LEXIS 93865, at *3–4 (C.D. Ill. May 29, 2020).

The COVID-19 pandemic is serious and deadly. As of this writing, more than 550,000 people in the United States have died from the novel coronavirus.[4] However, courts have found that the COVID-19 pandemic in and of itself is not an extraordinary and compelling reason warranting compassionate release. *See, e.g., United States v. Melgarejo*, 830 F. App'x 776, 778 (7th Cir. 2020) (finding the district court did not abuse its discretion when stating that "the mere presence of COVID-19 in a particular prison…cannot justify compassionate release"); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release").

While COVID-19 alone may not be extraordinary and compelling, a person's underlying health condition(s) and age, in light of the pandemic, may be. *See United States v. Cosman,* 840 F. App'x 43 (7th Cir. 2021); *United States v. Shannon,* 2020 WL 3489491 (N.D. Ill. June 26, 2020) (combination of pre-diabetes, obesity, essential hypertension, and sixty-one years of age presented an extraordinary and compelling reason for release).

Conrad is thirty-nine years old and has several underlying health conditions. Conrad has had several surgeries from a self-inflicted gunshot wound and continues to deal with chronic pain and neuropathy. He also states he suffers from hepatitis C,

---

[4] *See* https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/us-cases-deaths.html (last visited April 5, 2021).

4

anxiety, depression, and is bi-polar. The Centers for Disease Control and Prevention (CDC) does not recognize any of these conditions as increasing one's risk for severe illness from COVID-19.[5] The CDC does recognize that a substance use disorder could put someone more at risk to get severely ill from COVID-19. According to Conrad's medical records, he suffers from a substance use disorder. Dkt. 420 at 40; Dkt. 417 at 17. However, Conrad denies this and does not establish that he has a substance use disorder. Conrad also states that he has hypertension, but his medical records do not support this self-diagnosis. Although the medical records reflect high blood pressure, the healthcare provider opines this is as a result of his substance use and withdrawals and in fact Conrad's "blood pressures over the past year show that [he] averages in [the] normal range." Dkt. 417 at 23. Even if Conrad suffers from high blood pressure, the Seventh Circuit recently explained that "guidance from the Centers for Disease Control and Prevention did not indicate that high blood pressure (in contrast to 'pulmonary hypertension') was a significant risk factor." *United States v. Millbrook*, 840 F. App'x 25 (7th Cir. 2021). Based on current CDC guidance, and Conrad's underlying medical conditions, he does not present an extraordinary and compelling reason for compassionate release.

In addition, at age thirty-nine, Conrad is outside the age groups at higher risk for severe illness.[6] This is not to say that *no* individual in their thirties may be at higher

---

[5] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last visited April 6, 2021).

[6] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited April 5, 2021).

5

risk. *Cf. United States v. Collins*, 2020 U.S. Dist. LEXIS 121398, at *12 (N.D. Ill., July 10, 2020) (defendant was thirty-eight, an age the Court determined did "not present a high-risk factor," but sarcoidosis and asthma did). Absent any assertion of health conditions that puts Conrad at significantly greater risk of contracting COVID-19 based on current CDC guidance, Conrad's underlying health conditions and age are not extraordinary and compelling reasons for compassionate release. *See United States v. Carter*, 830 F. App'x 783, 785 (7th Cir. 2020) (district court properly acknowledged defendant's "significant medical conditions but finding those offset by his relative youth (44)"); *United States v. Winkler,* 2021 WL 914008 (S.D. Ind. Mar. 9, 2021) (the 37-year-old defendant had not shown extraordinary and compelling reasons to justify his release despite his borderline obesity, history of ruptured spleen, and chronic pain).

Furthermore, FCI Fairton, where Conrad is serving his sentence, does not currently have a COVID-19 outbreak. Although FCI Fairton was a COVID-19 "hotspot",[7] the Court disagrees with Conrad that remains a "hotspot". As of April 5, 2021, only one inmate—out of a population of 879—and 36 staff members are positive.[8] The Court does not consider this level of positive cases to be an outbreak. *Cf. United States v. Chapman*, 2020 U.S. Dist. LEXIS 96356, at *4 (N.D. Ill. June 2, 2020) (in April, 101 inmates tested positive, and near the end of May, 363 inmates

---

[7] *See* https://www.bop.gov/coronavirus/ (last visited April 5, 2021) (271 inmates and 17 staff have recovered from COVID-19 at FCI Fairton).

[8] *Id.*

6

tested positive, which factored into defendant's compassionate release). Additionally, this is only a two-person increase of infected individuals from last month. *See United States v. Muniz,* 2021 WL 965987, at *5 (E.D. Tex. Mar. 12, 2021) (as of March 12, 2021, 1 inmate and 34 staff members had tested positive at FCI Fairton). Although it is possible that there are more positive cases than have been reported, of the 879 inmates at FCI Fairton, 874 have been tested for COVID-19.[9]

Furthermore, 133 staff members and 55 inmates have been fully vaccinated.[10] The BOP has successfully administered over 110,000 doses of the vaccine nationwide.[11] Conrad's recent submission dated March 18, 2021 (Dkt. 423) states that he has not yet received the vaccine however given the vaccinations thus far it is likely that Conrad will be vaccinated in the near future. With the information at hand and the rising ability to vaccinate, current conditions in FCI Fairton do not constitute a serious outbreak.

Conrad also contends that he should be released to care for his elderly mother who is at risk of severe complications from COVID-19 due to her age and pre-existing conditions. His mother, Mary Conrad, and aunt and uncle explain to the Court in written letters their concern for Conrad and their willingness to provide him a supportive environment if released. (Dkts. 421, 422). The Court appreciates Conrad's desire to care for his mother during these challenging times and his family's caring

---

[9] *See* https://www.bop.gov/locations/institutions/fai/ (last visited April 5, 2021); https://www.bop.gov/coronavirus/ (last visited April 5, 2021).

[10] *See* https://www.bop.gov/coronavirus/ (last visited April 5, 2021).

[11] *Id.*

7

letters. However, his situation is not unique and does not present an extraordinary and compelling reason that warrants a sentence reduction. *See United States v. Minney*, 2020 U.S. Dist. LEXIS 237410, at *10 (S.D. Ind. Dec. 17, 2020); *United States v. Crandle*, 2020 U.S. Dist. LEXIS 79804, at *8 (M.D. La. May 6, 2020) (collecting cases); *United States v. Goldberg,* 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020) ("While certainly admirable, a desire to help care for one's elderly parents does not qualify as an extraordinary and compelling reason. . . . After all, many, if not all inmates, have aging and sick parents.") (internal quotations omitted). Additionally, "family circumstances" warranting early release are typically limited to caring for a minor child, a spouse, or registered partner. U.S.S.G. § 1B1.13 cmt. n.1(C).

Conrad further argues that he should be released because the BOP is denying him adequate medical care by refusing to provide him with prescription pain medication. However, according to his medical records his medical providers found Conrad "unreliable in taking his medications [because he] has used illicit drugs while taking other medications for pain," Dkt. 412 at 37, and the medical providers "will NOT prescribe these medications due to patient's significant history of substance abuse." Dkt. 420 at 28. Thus, his claim of inadequate medical care on the basis of the denial of pain medication is without merit. The Court will not consider it as a basis for compassionate release.

Lastly, Conrad argues that he spends a substantial amount of time spent in solitary confinement and that justifies his release. The BOP does confine inmates in solitary confinement for a variety of reasons. Conditions of confinement may be the

8

subject of a civil rights action, but are not a factor in the Court's consideration of the present motion. In addition, as the institution's use of isolated confinement is not unique to Conrad, it is not an extraordinary or compelling reason for compassionate release.

### 2. 3553(a) Factors

Since Conrad's medical conditions and circumstances do not present an extraordinary and compelling reason for compassionate release, an analysis under 18 U.S.C. § 3553(a) is not warranted. The court will discuss the factors briefly for the sake of completeness. They include the defendant's history and characteristics, the seriousness of his offense, the risk of recidivism he poses, the time remaining on his sentence, the quality of his release plan, and the impact of BOP's efforts to maintain the safety of inmates. 18 U.S.C. § 3852(c)(1)(a); U.S.S.G. § 1B1.13.

Conrad has served well over half his sentence, obtained his GED, and participated in several programs while incarcerated. Dkt. 412 at 6. Despite these positive developments, Conrad's time in custody has been filled with frequent violations and the use of illicit substances. Dkt. 412 at 20; Dkt. 420 at 33. In addition, his documented substance use disorder poses concerns of a high risk of recidivism. His PATTERN score is assessed at HIGH. Dkt. 412 at 30. While Conrad has the emotional support of his family, they cannot provide him with financial support. His mother is elderly, subsists on social security, and has "no financial suport [sic] but her benefits checks." *Id.* at 6. Conrad maintains that if released, he will secure employment, pursue further schooling, and obtain private medical insurance for treatment and

9

counseling. Dkt. 240 at 19, 27–29. However, Conrad does not provide any specific information about how he will accomplish these goals.

In addition, the Court considers the serious nature of Conrad's offense. The sentencing court imposed a sentence of 198 months based on the §3553(a) factors. Conrad argues that he was improperly sentenced. However, the Seventh Circuit affirmed this sentence. *Conrad*, 815 F.3d 324; *see also Conrad*, 673 F.3d 728 (affirming the conviction and sentence on appeal). As his sentence has been affirmed and he still has more than four years of this sentence remaining, an early release is not justified. Completing the sentence imposed best addresses the serious nature of the pornography charge here, the need to deter Conrad from engaging in further illegal conduct, promote respect for the law and to protect the community. *See United States v. Brunt,* 2021 WL 1158154, at *1 (7th Cir. Mar. 26, 2021) (district court adequately supported its decision by highlighting factors including "the need for [defendant's] continuing incarceration to provide just punishment and promote respect for the law."). Given the § 3553(a) factors, Conrad's compassionate release request is denied.

**C. Conclusion**

Based on CDC guidance, Conrad's health conditions do not present an extraordinary and compelling reason for compassionate release. In addition, there is no basis under the law for his compassionate release as a result of his mother's health or his isolated confinement. Even if the situation at FCI Fairton changes significantly or Conrad's health deteriorates significantly, the § 3553(a) factors would still be an

10

obstacle to Conrad's compassionate release. Therefore, Conrad's request for compassionate release [412] is denied. The Court grants Conrad's motion to seal [418].

E N T E R:

Dated: April 12, 2021

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge