IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DAVID CONRAD, <br><br> Defendant. | Case No. 05-CR-931 <br><br> Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Defendant David Conrad seeks sentencing relief in three separate motions: pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines [433] [436]; pursuant to 18 U.S.C. § 3582(c)(1)(A) [431]; and pursuant to 28 U.S.C. § 2255. For the reasons herein, this Court denies all three of Mr. Conrad's motions for a reduced sentence. [431] [433] [436].

**I.  Background**

On January 23, 2007, a grand jury returned a superseding indictment, charging Mr. Conrad with eight counts of child pornography crimes in violation of 18 U.S.C. §2251(c)(1)(A), 2251(d), 2252A(a)(2)(A), 2252A(a)(1), 2252A(a)(5)(B), 2252A(b)(1), 2252A(b)(2). [32]. On February 5, 2010, a jury convicted Mr. Conrad on all eight counts. [300]. On April 12, 2010, the Court sentenced Mr. Conrad to a below-guidelines sentence of 198 months. [335]. Mr. Conrad's projected release date is December, 25, 2025.[1]

---

[1] See https://www.bop.gov/inmateloc/ (last visited July 19, 2024).

1

Mr. Conrad, acting *pro se*, now files three motions for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), [431], and under 18 U.S.C. § 3582(c)(2) and Amendment 821. [433] [436]. The Government opposes all three motions on the grounds that Mr. Conrad cannot bring a successive § 2255 motion; he has failed to exhaust his administrative remedies under 18 U.S.C. § 3582(c)(1)(A); and he is ineligible for the two-point reduction under 18 U.S.C. § 3582(c)(2). [444].

## II. 28 U.S.C. § 2255

Under 28 U.S.C. § 2255 "[a] prisoner in custody . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States...may move the court which imposed the sentence to vacate, set aside or correct the sentence." Section 2255(h)(2) provides "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain— (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h)(2); *see Hrobowski v. United States*, 904 F.3d 566 (7th Cir. 2018)).

The Court denied Mr. Conrad's first § 2255 motion. *United States v. Conrad*, 14-cv-4343, [14]. The Seventh Circuit affirmed. *Conrad*, 815 F.3d 324 (7th Cir. 2016). Mr. Conrad's second motion, filed on December 28, 2021, was also denied by this Court. *United States v. Conrad*, 21-cv-6895, [3]. Then, on August 8, 2024, the Seventh Circuit denied Mr. Conrad's application for leave to file a successive § 2255 motion. *Conrad v. United States*, No. 24-2330 (Aug. 8, 2024).

2

The Government now argues that Mr. Conrad's most recent pro se filings amount to a successive § 2255 motion because he bases the motions, in part, on the sentencing court's application of the November 2009 guidelines. This was the same argument Mr. Conrad raised in his § 2255 motions. Regarding Mr. Conrad's first § 2255 motion, the Seventh Circuit noted "[a] change in the guidelines affects the sentence that a judge is *likely* to impose but does not alter the range of sentences that he *can* lawfully impose." *Conrad*, 815 F.3d at 327. The court continued, "[s]o although the increase in the guideline range of which the defendant complains in this case not only postdated his crime but also could have had a significant effect on his sentence, he is not entitled to be resentenced." *Id*.

The Court declines to construe the motions at issue here as a successive habeas petition because Mr. Conrad does not invoke § 2255. The Court has independent bases to deny each motion. The Court reminds Mr. Conrad that to the extent that he rehashes previous habeas petitions, the Seventh Circuit must "certify a second or successive motion before a district court is authorized to hear it." *United States v. Alicea*, No. 13-cv-06100, 2015 WL 410571 at *2 (N.D. Ill. Jan. 30, 2015) (citing *Suggs v. United States*, 705 F.3d 279, 282 (7th Cir. 2013)).

### III.   18 U.S.C. § 3582(c)(1)(A)

Under 18 U.S.C. § 3583(c)(1)(A), this Court may grant a defendant's motion for compassionate release after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf"

3

or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Here, the Court find that Mr. Conrad has not fully exhausted all administrative rights under 18 U.S.C. § 3583(c)(1)(A). The Bureau of Prisons does not have any record of Mr. Conrad's request for compassionate release, nor does he independently produce such evidence. [444] at 5-6. Mr. Conrad is therefore ineligible to bring a claim for compassionate relief under 18 U.S.C. § 3583(c)(1)(A) until he has exhausted his administrative remedies. Because Mr. Conrad has not satisfied the exhaustion requirement, the Court need not assess whether he has established an extraordinary and compelling reason warranting a sentence reduction.

**IV.     18 U.S.C. § 3582(c)(2)**

18 U.S.C. § 3582(c)(2) allows a district court to reduce a defendant's sentence if he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "[A]fter considering the factors set forth in section 3553(a) to the extent that they are applicable," the Court can make such a reduction that is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Courts may take such action upon their own motion, or that of a defendant or the Bureau of Prisons. *Id.* "§ 3582(c)(2) does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission." *Dillon v. United States*, 560 U.S. 817, 831 (2010).

This Court may only reduce a sentence if the pertinent amendment would *effectively lower* the defendant's applicable guideline range. *See, e.g.*, *United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011) (emphasis added). "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Dillon*, 560 U.S. at 821. *Dillon* sets forth a two-prong analysis where "[a]t step one, § 3582(c)(2) requires the court to follow the Commission's instruction in § 1B1.10" to determine eligibility for a sentence reduction. *Dillon*, 560 U.S. at 827. At the second step, the court should consider applicable § 3553(a) factors to determine whether the sentence reduction is warranted. *Id.* (quotations omitted). Section 3553(a) factors cannot overcome or outweigh step one of the analysis. *Id.*

Amendment 821 Part B, Subpart 1 to the United States Sentencing Guidelines, made effective in November 2023, instituted a two-level reduction for some offenders' Chapter Two offense level. U.S.S.G. § 4C1.1 (2023). The amendment allows courts to reduce a sentence for defendants who have no criminal history points and were convicted of an offense that did not involve the criteria listed under § 4C1.1(a)(2)-(10). *Id.* As of February 1, 2024, Amendment 821 applies retroactively. *See* U.S.S.G. § 1B1.10(d) (2023).

Here, Mr. Conrad was assigned one prior criminal history point at sentencing. [449-1] at 10. As he is not a zero-point offender, he falls outside the bounds of § 3582(c)(2) and does not qualify for the reduction under § 4C1.1.

**V.     Conclusion**

5

For the stated reasons, the Court denies Mr. Conrad's motions for sentence reduction and finds him ineligible for a relief under 18 U.S.C. § 3582(c)(1)(A) or 18 U.S.C. § 3582(c)(2). [431] [433] [436].

E N T E R:

Dated: September 3, 2024

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge