IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2005-CR-931 |
| v. | Judge Mary M. Rowland |
| DAVID CONRAD | |

**MEMORANDUM OPINION AND ORDER**

Defendant David Conrad ("Conrad") seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), citing his family situation and hardship to himself. [475]. The Government filed a response in opposition to Conrad's *pro se* motion. [479]. Defendant Conrad also filed an emergency motion for release due to his mother's hospitalization. [481]. For the following reasons, Conrad's motion for compassionate release [475] and his emergency motion for release [481] are denied.

I. **Background Facts**

On January 23, 2007, Defendant Conrad was charged in a superseding indictment for various child pornography crimes. [32]. The superseding indictment included eight counts alleging that in July 2002 and October 2002, Conrad advertised, received and distributed, transported and shipped, and possessed child pornography, in violation of 18 U.S.C. §§ 2251(c)(1)(A) and 2251(d), 2252A(a)(2)(A) and 2252A(b)(1), 2252A(a)(1) and 2252A(b)(1), and 2252A(a)(5)(B) and 2252A(b)(2). *Id.* Conrad was tried beginning on January 25, 2010 ([289]) and on February 5, 2010, the jury convicted him on all eights counts ([299]).

1

On April 12, 2010, Mr. Conrad was sentenced to 198 months of imprisonment—below the recommended guideline range of 360 months to life. [335]. Conrad appealed his conviction and sentence. [336]. On March 14, 2012, the Seventh Circuit affirmed the conviction and the sentence. *United States v. Conrad*, 673 F.3d 728 (7th Cir. 2012). On June 10, 2014, Conrad filed a Motion to Vacate, Set Aside or Correct a Sentence, pursuant to 28 U.S.C. § 2255, challenging whether the proper version of the Sentencing Guidelines was applied, pursuant to *Peugh v. United States*, 569 U.S. 530 (2013). [409]. The motion was denied and the Court declined to certify the issue for appeal. *Conrad v. United States*, Case No. 14-cv-4343, Dkt. 14. The Seventh Circuit affirmed this denial. *Id.* Dkt. 30.

Mr. Conrad previously moved for compassionate release in 2021 citing inadequate medication to treat chronic pain from a leg injury sustained more than 15 years ago, risk of contracting COVID-19, and his elderly mother's health. [412]. The Court determined Conrad did not present extraordinary and compelling reasons for compassionate release and his motion was denied. [424]. Subsequently, Conrad filed three additional motions for a reduced sentence. [431]; [433]; [436]. The Court denied those motions ([451]), Defendant appealed the decision ([457]), and the Seventh Circuit granted the Government's motion to dismiss the appeal ([467]). Most recently, Mr. Conrad filed an emergency motion for Court-ordered medical treatment due to the potential loss of a limb. [469]. Following a review of a timeline of Conrad's medical records and treatment, the Court denied the "frivolous" motion. [473]. The Court noted the allegations in the motion did "not appear to be true" and admonished

2

Mr. Conrad for "misrepresent[ing] the facts in court filings." *Id.*

Now, Mr. Conrad has moved for compassionate release once again. [475]. The Government opposed the motion and filed updated medical and disciplinary records. [479]; [480]. Conrad also filed a motion for emergency release due to his mother's hospitalization. [481].

## II. LEGAL STANDARD

Pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), a court may reduce an inmate's term of imprisonment after he has exhausted all "administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

Once the exhaustion requirement is met, a court may reduce the defendant's term of imprisonment if the court finds, as relevant here, that (1) the reduction is consistent with the factors in 18 U.S.C. § 3553(a); and (2) "extraordinary and compelling" reasons warrant a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i). *See United States v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. Nov. 20, 2020) (affirming district court's discretion to award compassionate release to prisoner who is "outside the scope of 18 U.S.C. § 3582(c)(1)(A)(ii)" based on "'extraordinary and compelling reasons'"). The defendant bears the burden to establish that he is eligible for a sentence reduction.

"A movant cannot rightly claim he is legally entitled to compassionate release because the background sentencing law has changed, but he may argue that he

3

nonetheless deserves a sentence reduction based on that change and other relevant factors." *In re Thomas*, 91 F.4th 1240, 1242 (7th Cir. 2024); *cf. United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021) ("At step one the [defendant] must identify an "extraordinary and compelling" reason warranting a sentence reduction, but that reason cannot include, whether alone or in combination with other factors, consideration of the First Step Act's amendment to [a statute].").

### III. Analysis

#### a. Exhaustion

There is no dispute that Defendant Conrad has exhausted his administrative remedies as required by § 3582(c)(1)(A). [475] at 11; *see generally* [479]. On June 9, 2025, Conrad made an administrative request for compassionate release based on extraordinary circumstances and that request was denied. [475] at 11. The Government does not challenge the exhaustion requirement.

#### b. Extraordinary and Compelling Reasons

In determining what constitutes extraordinary and compelling reasons to modify a person's sentence, courts consider the guidance contained in the U.S. Sentencing Guidelines Manual at U.S.S.G. § 1B1.13. On April 27, 2023, the U.S. Sentencing Commission submitted proposed amendments to § 1B1.3 to update its policy statement to cover prisoner-initiated motions for compassionate release and those amendments went into effect on November 1, 2023. The amended Guidelines define extraordinary and compelling reasons as existing under the following circumstances or a combination thereof: medical circumstances, age, family

4

circumstances, victim of abuse, other reasons of similar gravity, and unusually long sentences. U.S.S.G. § 1B1.13(b)(1)-(6).

Conrad argues modification of his sentence is warranted for the following reasons: (1) potential loss of limb caused by lack of medical care in prison; (2) care for his elderly mother; and (3) retaliation from Bureau of Prison ("BOP") staff. *See* [475]. The Government contends Mr. Conrad's medical and disciplinary records contradict his arguments and disputes there is any basis for early release. *See* [479]. The Court finds that Mr. Conrad does not present any extraordinary or compelling circumstances that support ordering early release.

### i. Medical Conditions

A medical condition may be an extraordinary and compelling reason when the illness is terminal or when the defendant's ability to provide self-care within the environment of a correctional facility is substantially diminished and the defendant is not expected to recover. U.S.S.G. § 1B1.13(b)(1). "Compassionate release due to a medical condition is an extraordinary and rare event." *United States v. Dusenbery*, 2019 WL 6111418, at *2 (N.D. Ohio Nov. 18, 2019), *aff'd* 2020 WL 7315919 (6th Cir. July 24, 2020) (quoting *United States v. Gray*, 2019 WL 4564735, at *3 (N.D. Ohio Sept. 20, 2019) (citation omitted)).

Mr. Conrad contends he was told by prominent neurological specialist that he will lose his leg and foot shortly if he did not receive immediate medical treatment. [475] at 2. He further asserts that tests confirmed that he has worsening blood flow to his legs and that nerves in his legs were dying as evidenced by no response to pain,

feeling, and extreme heat. *Id.* at 3. Relatedly, Mr. Conrad also claims his foot got infected at the Peoria County Jail due to "filthy conditions" at the jail. *Id.* at 5. Defendant states this infection caused fainting, seizures, and delusional behavior before receiving antibiotics. *Id.*

These are substantially the same claims Defendant Conrad asserted in his June 3, 2025 emergency motion for Court-ordered medical care. *See* [469]. The records the Court examined at that time following a medical evaluation of Defendant's leg showed "[the leg] had no abrasions, lacerations, discharge, or redness. He ambulates without difficulty. He does have some swelling in his left ankle and has been treated with antibiotics. He has a GSW that is over 10 years old. The surgical wound at that site has healed." [473] (cleaned up). The supplemented records show no further issues with Defendant's leg. [480] at 2–3. Defendant Conrad also states that he suffered a staph/MRSA infection that "almost took" his eye. [481] at 1. But by Mr. Conrad's own admission, he received medical attention in the intensive care unit at the University of Illinois at Chicago. *Id.* He does not cite any ongoing issues or complications with his eye. *See id.*

Based upon a review of the records of Mr. Conrad's medical treatment submitted by the Government, the Court does not find that Defendant has a terminal illness or a serious illness that substantially diminishes his ability to provide self-care within the environment of the correctional facility. Rather, Defendant has again exaggerated and misrepresented the facts of his medical condition to the Court. *See also* [473].

### ii. Family Circumstances

Some family circumstances, such as the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent," rise to the level of extraordinary and compelling reasons. U.S.S.G. § 1B1.13(b)(3). Defendant Conrad argues that his sentence should be reduced to serve as the primary caregiver of his elderly mother, who has fallen and broken her leg. [475] at 9; [481] at 1. Defendant also states no one is available to help manage the Conrad family estate. [481] at 1. But Conrad does not present any evidence that his mother is incapacitated. U.S.S.G. § 1B1.13(b)(3); *see also United States v. Reedy*, 2024 WL 5247954, at *11 (N.D. Ill. Dec. 30, 2024) (defining "incapacitated" based on the term's plain meaning and statutory context as when "person is incapable of caring for themself"). He provides no further detail other than stating that his mother broke her leg and received treatment at a hospital or rehabilitation center. [481] at 2. While the Court acknowledges an unfortunate fall and broken leg may be incapacitating under certain circumstances, the information here is insufficient for the Court to conclude Conrad's mother is incapacitated.

Furthermore, Conrad does not present any evidence that he is the only individual available to care for his mother. U.S.S.G. § 1B1.13(b)(3). To the contrary, Conrad identifies other family members and the long-time family friend currently overseeing his mother's care at the Conrad family home. [481] at 3; *see United States v. Villar*, 2024 WL 2939018, at *4 (N.D. Ill Jun. 11, 2024) (explaining defendant did not show position as lone available caretaker where "there is no explanation as to

7

whether household members, friends in the community, or relatives other than his siblings and father would have the time, money, and resources to help with his mother' care.") (quoting *United States v. Nishida*, No. 19-00025, 2023 WL 7222875, at *3 (D. Haw. Nov. 2, 2023)). Conrad has the burden to demonstrate that he is the "only available caregiver," and the record does not support such conclusion. *Id.*

Accordingly, the Court concludes Mr. Conrad's family circumstances support a modification of his sentence.

### iii. Age and Other Reasons

Conrad does not argue that his sentence should be reduced due to his age, nor could he. For age to be an extraordinary and compelling reason, the defendant must be at least 65 years old. U.S.S.G. § 1B1.13(b)(2). Conrad is now 44 years old.

Defendant Conrad states BOP staff have "tortured" him in the past. [475] at 7. He also claims BOP is traumatizing him by reincarcerating him after being placed in a halfway house for a period of time. *Id.* Conrad also states he has a "known *ex post facto* sentencing error that was found 'not retroactive' on collateral review." *Id.* at 8. To the extent Conrad's motion could be construed as contending that he is either a victim of abuse or received an unusually long sentence, the Court determines Conrad has not made such a showing. U.S.S.G. § 1B1.13(b)(4), (6). Defendant Conrad cites a settlement in a separate proceeding for alleged past torture. [475] at 7. And certainly, incarceration alone cannot serve as grounds for compassionate release. And Conrad has previously presented his *ex post facto* arguments for consideration and was denied relief. *See, e.g.*, *Conrad v. United States*, Case No. 14-cv-4343, Dkts. 14 30.

8

The Guidelines also provide that a sentence reduction may be appropriate when "defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). Here, Defendant Conrad also states BOP staff are retaliating against him for allegedly reporting violations committed by his roommate at a halfway house. [475] at 5. He contends BOP staff charged him with violations as part of a scheme to send Conrad back to prison. *Id.* at 5, 7. But the disciplinary records submitted by the Government do not support Conrad's narrative. At most, the records detail an incident on July 9, 2025 involving several other inmates discovered with medications that were administered by medical staff and other substances. [480] at 11–12. All the inmates involved, not just Mr. Conrad, were disciplined. *Id.* at 10. The Court finds that these facts, considered in combination with Conrad's other arguments, do not constitute extraordinary and compelling reasons. Conrad fails to cite any precedent suggesting that an extraordinary and compelling reason to reduce a sentence exists here. Accordingly, the Court finds that Conrad has not shown extraordinary and compelling reasons for a sentence reduction under "other reasons."

### c. Factors Set Forth in 18 U.S.C. § 3553(a)

Because Defendant Conrad does not assert extraordinary and compelling reasons for a sentence reduction, the Court does not reach the issue of the sentencing factors under 18 U.S.C. § 3553(a).

## IV. Motion for Emergency Release

As discussed above, Mr. Conrad's mother fell and broke her leg. [481] at 1. Conrad seeks emergency release to care for his mother and the family home. *Id.* For the same reasons that Conrad's family circumstances do not rise to an extraordinary and compelling reason to reduce his sentence, the Court denies Conrad's request for early release.

## V. Conclusion

After thoroughly considering all the facts presented, the Court does not believe that Mr. Conrad presents an extraordinary and compelling reason for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Accordingly, Mr. Conrad's request for compassionate release [475] is denied. Additionally, Mr. Conrad's motion for emergency release [481] is denied.

E N T E R:

Dated: November 10, 2025

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge